**Lorraine DUBOYS, Plaintiff–Appellant,**

**v.**

**Margaret Ann BOMBA, "law defendant," Guy T. Parisi, "law defendant," Sheldon Masser, fiduciary, State of New York, Diane A. Lebedeff, Hon.,** judge of the Unified Court System, Eve Preminger, judge of the Unified Court System, United Jewish Appeal, Inc., alleged beneficiary of converted estate, United Jewish Appeal–Federation of Jewish Philanthropies of New York, Inc., alleged beneficiary of converted estate, Defendants–Appellees,

**Allan E. Silver, "law defendant," John Does, 1 through 5, Jane Does, 1 through 5, Richard Roes, 1 through 5, Defendants.**

**Docket No. 02–7847.**

United States Court of Appeals, Second Circuit.

May 8, 2003.

Lorraine Duboys, Brighton, MA, for Appellant, pro se.

Charles F. Sanders, Assistant Attorney General (Marion R. Buchbinder, Assistant Solicitor General, and Eliot Spitzer, Attorney General of the State of New York, on the brief), Albany, N.Y., for Appellee.

Present:* CABRANES, Circuit Judge,

* The Honorable Pierre N. Leval, who was originally scheduled to sit as the third member of the panel hearing this case, is recused. Accordingly, this appeal is being decided by the two remaining members of the panel, who are in agreement. *See* Second Circuit Local Rule § 0.14(2).

and MURTHA,** District Judge.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and they hereby are **AFFIRMED.**

Plaintiff Lorraine Duboys brought this action as next of friend of Howard Duboys, her husband, alleging that he had been wrongly deprived of his inheritance from his aunt, Sadie Rosenberg, in violation of 42 U.S.C. § 1983. The defendants include judges, attorneys, fiduciaries and other unknown individuals who were involved in Rosenberg's state guardianship and probate proceedings.

On February 1, 2002, the District Court dismissed the complaint *sua sponte.* Because it determined that the judges and the State were entitled to immunity, the Court dismissed the claims against them with prejudice. With respect to the private defendants, the Court determined that the complaint failed to allege a nexus between these defendants and the State sufficient to satisfy § 1983's state action requirement. Accordingly, it dismissed the claims against the individual defendants without prejudice, permitting Duboys an opportunity to amend her complaint in order to allege facts sufficient to create the required nexus. Finally, the Court determined that the *Rooker–Feldman* Doctrine prohibited it from vacating the relevant state court judgments—the primary form of relief requested by Duboys in the complaint.

In April 2002 Duboys filed an amended complaint making essentially the same allegations as the initial complaint. On May 2, 2002, the District Court dismissed the amended complaint *sua sponte* and with prejudice, essentially reiterating the analysis in its order of February 1, 2002 and noting that Duboys had again failed to allege a sufficient nexus between the private individual defendants and the state. Duboys then filed a motion for reconsideration, which the Court denied on June 15, 2002. Duboys timely appealed.

As an initial matter, we note that we have jurisdiction to entertain this appeal even though it appears from the record that the District Court failed to enter an final judgment after dismissing Duboys' amended complaint. *See Selletti v. Carey,* 173 F.3d 104, 109–10 (2d Cir.1999) ("[W]here an order appealed from clearly represents a final decision and the appellees do not object to the taking of an appeal, the separate document rule, which requires that judgment be entered separately on the docket, is deemed to have been waived and the assumption of appellate jurisdiction is proper.").

For substantially the reasons stated by the District Court in its orders of February 1, 2002, May 2, 2002, and June 15, 2002, we hold that the judges and the State are immune from suit and that Duboys has failed to state a claim against any of the remaining defendants.

Accordingly, the District Court's orders are hereby AFFIRMED.

** The Honorable J. Garvin Murtha of the United States District Court for the District of Vermont, sitting by designation.